**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **STEVEN MELEIKA,** | Civ. No. 21-11394 (KM)(JBC) |
| Plaintiff, | |
| v. | **OPINION** |
| **CITY OF BAYONNE,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

*Pro se* plaintiff Steven Meleika filed the Complaint (DE 1)[1] against the City of Bayonne. For the reasons explained below, the Complaint will be dismissed without prejudice.

**I.   Summary**

On May 18, 2021, Mr. Meleika filed the Complaint. On June 15, 2021, the Court dismissed the Complaint without prejudice for failure to pay the required fees or apply to proceed *in forma pauperis*. (DE 4.) On August 2, 2021, Mr. Meleika submitted his *in forma pauperis* application (DE 5), which I granted on the same date as this Opinion, relieving him of the obligation to tender the filing fee. The Complaint is therefore deemed filed.

**II.   Discussion**

Because this court has granted *in forma pauperis* status it is obligated to

---

[1]   "DE" refers to the docket entry number in this case. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

screen the allegations of the Complaint to determine whether it

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

This Complaint fails to state an intelligible claim. The factual allegations are vague and fragmentary. Factually, the Complaint alleges only the following:

> Welfare check swatting
> False call
> Police went into the House
> 3rd Amendment No soldier shall in time of peace be quartered in any house without the consent of the owner, nor in time of war [unintelligible]

(DE 1 at 4.)

Particularly for a *pro se* complaint, it is not necessary to allege a fully rounded account of the facts. Nevertheless, the complaint must make clear what occurred—identifying the people responsible, stating what they did, and setting forth the elements of a legal violation. The Complaint does not explain the "welfare check," the false call, what occurred when police entered his home, or why (assuming they had received a call for help, whether true or false) the police were not empowered to investigate. In short, the Complaint does not explain why or how the defendant violated the plaintiff's constitutional rights.

### III. Conclusion

For the reasons stated above, the Complaint is DISMISSED without prejudice upon initial screening pursuant to 28 U.S.C. § 1915(e). This dismissal is without prejudice to the filing, within 30 days, of an amended complaint. If no such amended complaint is received, this dismissal will become a dismissal with prejudice.

An appropriate order accompanies this opinion.

Dated: August 3, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**