UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEVEN MELEIKA,** <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF BAYONNE,** <br> **BAYONNE POLICE DEPARTMENT,** <br> **BAYONNE MEDICAL CENTER** <br><br> Defendants. | Civ. No. 21-11394 (KM)(JBC) <br><br> **OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

Steven Meleika, alleging injuries to himself, has filed a civil rights action pursuant to 42 U.S.C. § 1983, as amended, naming the City of Bayonne, Bayonne Police Department and Bayonne Medical Center as defendants. He has been granted *in forma pauperis* status. For the reasons expressed below, I will dismiss Meleika's amended complaint on initial screening. The complaint is therefore dismissed without prejudice.

**I.     Summary**

On May 18, 2021, Steven Meleika, *pro se*, filed an initial complaint in this action, naming the City of Bayonne as defendant. (DE 1.)[1] I dismissed the

---

[1] "DE" refers to the docket entry number in this case. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated.

1

complaint without prejudice for failure to pay the required fees or apply to proceed *in forma pauperis*. (DE 4.)

On August 2, 2021, Mr. Meleika submitted his *in forma pauperis* application (DE 5), which I granted, relieving Meleika of the obligation to tender the filing fee (DE 9.) The next day, I dismissed the complaint upon initial screening, pursuant to 28 U.S.C. § 1915(e), because it failed to state a claim upon which relief could be granted. (DE 7, 8.) My dismissal of the complaint was without prejudice to the filing, within 30 days, of an amended complaint.

On September 8, 2021, Meleika filed an amended complaint against the City of Bayonne, the Bayonne Police Department, and the Bayonne Medical Center. (DE 11.) The filing was a few days late, a defect which I excuse.[2]

## II.     Standard

Because this court has granted *in forma pauperis* status, it is obligated to screen the allegations of the amended complaint to determine whether it

(i)     is frivolous or malicious;

(ii)    fails to state a claim on which relief may be granted; or

(iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

---

[2]     Thereafter, he filed miscellaneous documents (DE 13), a Brief (DE 15), and a letter seeking a default judgment (DE 16), discussed herein.

In a one line letter (DE 16), Mr. Meleika seeks a default judgment against the City of Bayonne. The original complaint, however, was dismissed, and the time to answer had not expired when the default motion/letter was filed. *See* Fed. R. Civ. P. 12(a). No default was sought or entered by the clerk. And finally, I am herein dismissing the first amended complaint as against the City of Bayonne at the screening stage, so no obligation to answer is triggered. For all of these reasons, the letter application for a default judgment is denied.

>2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. Factual Allegations

Mr. Meleika is a serial filer of lawsuits against the State of New Jersey, the Cities of Bayonne and Jersey City, and other parties.[3] The original complaint in this action, dismissed on screening, alleged as follows:

> Welfare check swatting
> False call
> Police went into the House
> 3rd Amendment No soldier shall in time of peace be quartered in any house without the consent of the owner, nor in time of war [unintelligible]

(DE 1 at 4.)

The amended complaint adds that the events took place at the plaintiff's address of record in Bayonne. It contains no new facts, but only expanded the legal grounds for relief:

> Malice Prosecution
>
> Violation of 4th amendment right and
>
> 5th amendment Due Process right and
>
> 6th amendment speedy trial right and effective assistance
>
> False arrest.

---

[3]    The court's docket lists the following cases in which Mr. Meleika is named as plaintiff:

   2:17-cv-01958-KM-MAH MELEIKA v. BAYONNE POLICE DEPARTMENT et al filed 03/22/17   closed 05/07/20

   2:17-cv-01959-KM-MAH MELEIKA v. JERSEY CITY POLICE DEPARTMENT et al filed 03/22/17   closed 01/31/19

   2:17-cv-01960-KM-MAH MELEIKA v. HUDSON COUNTY CORRECTIONAL CENTER et al filed 03/22/17

   2:17-cv-05759-KM-MAH MELEIKA v. JERSEY CITY MEDICAL CENTER et al filed 08/04/17   closed 11/16/20

   2:19-cv-20916-KM-MAH MELEIKA v. STATE OF NEW JERSEY et al filed 12/02/19

   2:21-cv-11394-KM-JBC MELEIKA v. CITY OF BAYONNE filed 05/18/21

   2:21-cv-16720-KM-CLW MELEIKA v. INSTAGRAM filed 09/09/21   closed 09/13/21

   2:21-cv-18221-KM-CLW MELEIKA v. CITY OF BAYONNE filed 10/07/21 closed 10/14/21

(DE 11 at 4.) Attached to the amended complaint is a "Home Medication List" that appears to be a record of Bayonne Medical Center. The medications are Cossar, Depekote, Klonopin, Risperdal, Tricor, and Tranadol. The list of "Injuries" in the amended complaint refers to side effects of mental health medication, and states that Meleika does not consent to such medication. Also attached is what appears to be a photograph. (DE 11-1.)

### IV.     Discussion: The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim for relief under section 1983, a plaintiff must allege: (1) the violation of a right under the Constitution or laws of the United States; and (2) that the person acting under color of state law committed or cause the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennyslvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Ross v. Graf*, No. 19CV20534NLHMJS, 2021 WL 4452651, at *2 (D.N.J. Sept. 29, 2021).

Before discussing the defendants individually, I make the following general observations about the factual allegations of violation of a constitutional right. Taking the original and amended complaints together, no issue of quartering of troops is stated; no prosecution, malicious or otherwise, is alleged; no arrest, false or otherwise, is alleged; no violation of due process is alleged; and the rights to a speedy trial or effective assistance of counsel do not apply outside the context of a criminal prosecution, which is not alleged. At best, the allegation that the "police went into the house" might implicate the Fourth Amendment.

### A. Bayonne Medical Center

I must dismiss the amended complaint against the Bayonne Medical Center as a matter of law. Section 1983 only permits claims against those acting under color of state law. Thus, a section 1983 claim can be brought against a private hospital, such as Bayonne Medical Center, only if sufficient facts are pled showing that the hospital acted under color of law in allegedly depriving Meleika of his constitutional rights. *See Turner v. Children's Hosp. of Philadelphia*, 378 F. App'x 124, 126 (3d Cir. 2010) (citing *West*, 487 U.S. at 48-49; *Demby v. New Jersey State Prison Dep't of Med. Staff*, No. CV20247MASLHG, 2021 WL 2221399, at *2 (D.N.J. June 2, 2021).

Meleika has not alleged any facts demonstrating that Bayonne Medical Center's infringement of his federal rights was "fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Therefore, I will dismiss Meleika's section 1983 claim against Bayonne Medical Center.

### B. Bayonne Police Department

The amended complaint must also be dismissed against the Bayonne Police Department. A New Jersey police department is not a separate legal entity, but a department of the municipality. N.J. Stat. Ann. § 40A-14-118 (municipal police department is "an executive and enforcement function of municipal government"); *see also Padilla v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004); *Mitchell v. City of Jersey City*, No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7, 2016).

Therefore, for claims against the Bayonne Police Department, the proper defendant is the City of Bayonne itself. The Complaint is dismissed as against the Bayonne Police Department.

### C. City of Bayonne

The only remaining defendant is the City of Bayonne. The original and amended complaints in combination, very liberally construed, appear to be alleging that Mr. Meleika was the victim of "swatting," *i.e.*, a false call to the police or emergency services for the purpose of harassment. It might be

surmised that the police were conducting a "welfare check" on Mr. Meleika, and in doing so, entered his apartment. This is not, however, clearly alleged.

It is unclear how a cause of action based on "swatting" would implicate a claim of wrongdoing against the police. Mr. Meleika seems to be theorizing that some unknown person made a false complaint or emergency call. He does not connect that to any wrongdoing by the police, whose job it is to investigate complaints. Although it is possible that the police knowingly investigated a false claim or overstepped the Fourth Amendment in doing so, this is not alleged factually.

Nor does the amended complaint allege facts suggesting that any wrongdoing by the police would be attributable to the City. A municipality cannot be liable under section 1983 for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Section 1983 would require facts suggesting an unconstitutional municipal policy, practice, or custom. *See id.* at 690-91. A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). Similarly, a "[c]ustom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotation and citations omitted).

For Meleika to plausibly plead a *Monell* claim, he must identify the unconstitutional policy or custom, attribute it to the City of Bayonne itself, and show a causal link between the execution of that policy and a violation of Meleika's constitutional rights. *See Ross v. Graf*, No. 19CV20534NLHMJS, 2021 WL 4452651, at *4 (D.N.J. Sept. 29, 2021); *Harley v. City of New Jersey City*, No. 16-5135, 2017 WL 2779466, at *7-8 (D.N.J. June 27, 2017). At the pleading stage, this burden is sometimes met by allegations of a formal policy, or else by allegations that policymakers were aware of similar unlawful conduct

but that their policies failed to guard against future violations. *See Est. of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. A plaintiff pleading a claim based on a failure to train, supervise, and/or discipline is required to "demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Id.* at 798-800 (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). Deliberate indifference is plausibly pled by allegations that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

The amended complaint fails to state a *Monell* claim against the City of Bayonne. Meleika has not plausibly alleged that the City of Bayonne enacted a policy or custom that might have resulted in his alleged harms. To the extent Meleika believes that a *Monell* claim is sufficiently pled by merely alleging that the City of Bayonne employed the police officers, he is incorrect.

The amended complaint is therefore dismissed against the City of Bayonne.

### V. Separate Submissions Suggest That Second Amended Complaint Might Not Be Futile

After filing his amended complaint, Mr. Meleika filed two other documents. (DE 13, 15.) These documents, and their relation to the amended complaint, are difficult to interpret. They do suggest, however, that Mr. Meleika might be able to assemble his allegations into a second amended complaint that could survive screening.

***"Documents" (DE 13)***. In this submission, Mr. Meleika states that sounds of gunfire and shouting, apparently from a video game, led to the police

conducting a "welfare check." They entered the home, he says, in violation of his constitutional rights.[4] No dates or other particulars are given, and there is no allegation that the police knew the report of gunfire or shouting was false.

**"Brief" (DE 15)**. Mr. Meleika has also filed a "Brief." (DE 15) In this Brief, Mr. Meleika explains that he was a victim of "swatting and false calls." It describes what is apparently a wholly different incident. At some unspecified time, he was taken to the hospital by the police; he implies that this was related to a suspicion that he had COVID, although this is not entirely clear. He states that he is suing because he needs funds to buy a ranch house and move out of his parents' home. A digression follows, the upshot of which is that he is filing malicious prosecution suits in the hope of gaining the means to live on his own and start a family. He then alleges that the City of Bayonne is liable because the police "seized him and assisted in transport by following the ambulance."[5]

The Court has construed the amended complaint very liberally. It cannot, however, take on the task of assembling these scattered allegations into a coherent account and deeming them to be a complaint. I will, however, permit the plaintiff to file a proposed second amended complaint that is sufficiently coherent and factual to permit a response.

---

[4]     The supplementary filing attaches an excerpt from an earlier opinion in which I granted defendants' summary judgment against Mr. Meleika's prior allegations of "swatting," *i.e.,* making a false police report to harass a person. That action concerned the police, acting on a complaint from Mr. Meleika's parents, bringing Mr. Meleika to Jersey City Medical Center, where he was administered antipsychotic medication. *Meleika v. Jersey City Med. Ctr.*, No. CV175759KMMAH, 2020 WL 2125245, at *3 (D.N.J. May 4, 2020). The excerpt consists of the court's quotation of Mr. Meleika's allegations of "swatting" and citation of a Wikipedia entry on that topic. The City of Bayonne is also named as a defendant in that action.

[5]     This seems to be a separate incident from the one described in the earlier action. *See* n.4, *supra.*

## VI.    Conclusion

For the reasons stated above, the Complaint is **DISMISSED** upon initial screening pursuant to 28 U.S.C. § 1915(e).

*Mr. Meleika may, if he wishes, submit a second amended complaint within 30 days. This must be a **single** document, not a series of submissions. It should simply tell the story of **what** happened, state **when** and **where** it happened, and explain **why** the actions of the defendant were unconstitutional. It must be specific enough to permit the defendant to respond with admissions or denials of the allegations.*

If no such amended complaint is received, this dismissal will become a dismissal with prejudice.

An appropriate order accompanies this opinion.

Dated: October 21, 2021

/s/ Kevin McNulty

_____
**Kevin McNulty
United States District Judge**