## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

**STEVEN MELEIKA,**

             **Plaintiff,**

**v.**

**CITY OF BAYONNE,**
**BAYONNE POLICE DEPARTMENT,**
**BAYONNE MEDICAL CENTER**

             **Defendants.**

Civ. No. 21-11394 (KM)(JBC)

**OPINION**

### KEVIN MCNULTY, U.S.D.J.:

Steven Meleika, alleging injuries to himself, has filed a civil rights action pursuant to 42 U.S.C. § 1983, as amended, naming the City of Bayonne and the Bayonne Police Department as defendants. He has been granted *in forma pauperis* status. For the reasons expressed below, I will dismiss Meleika's Second Amended Complaint on initial screening with prejudice.

### I.   Summary

Steven Meleika, *pro se*, filed an initial complaint in this action, naming the City of Bayonne as defendant on May 18, 2021. (DE 1.)[1] I dismissed the original complaint without prejudice for failure to pay the required fees or apply to proceed *in forma pauperis*. (DE 4.)

---

[1]    "DE" refers to the docket entry number in this case. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated.

On August 2, 2021, Meleika submitted his *in forma pauperis* application (DE 5), which I granted, relieving Meleika of the obligation to tender the filing fee. (DE 9.) I dismissed the complaint upon initial screening, pursuant to 28 U.S.C. § 1915(e), because it failed to state a claim upon which relief could be granted. (DE 7, 8.)

Meleika filed an amended complaint against the City of Bayonne, the Bayonne Police Department ("BPD"), and the Bayonne Medical Center on September 8, 2021. (DE 11.) On October 21, 2021, I dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e), for failure to state a claim upon which relief could be granted. (DE 17, 18). The dismissal of the amended complaint was without prejudice to the filing, within 30 days, of a second amended complaint.

On November 8, 2021, Meleika filed what appears to be his Second Amended Complaint, titled "Amended Brief." (DE 19.) Thereafter, Melieka filed a series of three submissions: (1) a letter titled "Change of [V]enue," which requests that further filings be assigned to another judge because I have a "conflict of interest" (DE 20); and (2) two letters requesting that the Court award him damages for alleged constitutional violations. (DE 21, 22.) Considering Meleika's *pro se* status, the Court will construe the documents together as the 2AC.

## II.    Standard

Because this court has granted *in forma pauperis* status, it is obligated to screen the allegations of the 2AC to determine whether it

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002)

> (non-prisoner indigent plaintiffs are "clearly within the scope of §
> 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.
> 2000) ( § 1915(e) applies to all in forma pauperis complaints, not
> just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.    Factual Allegations

Meleika is a serial filer of lawsuits against the State of New Jersey, the
Cities of Bayonne and Jersey City, and other parties.[2] The original complaint in
this action, dismissed on screening, alleged as follows:

> Welfare check swatting
> False call
> Police went into the House
> 3rd Amendment No soldier shall in time of peace be quartered in
> any house without the consent of the owner, nor in time of war
> [unintelligible]

(DE 1 at 4.)

The amended complaint, also dismissed, added that the events took
place at Meleika's address of record in Bayonne. However, the amended

---

[2]    A recent survey of the docket yielded the following cases in which Mr. Meleika is
named as plaintiff:

2:17-cv-01958-KM-MAH MELEIKA v. BAYONNE POLICE DEPARTMENT et al
filed 03/22/17   closed 05/07/20

2:17-cv-01959-KM-MAH MELEIKA v. JERSEY CITY POLICE DEPARTMENT et al
filed 03/22/17   closed 01/31/19

2:17-cv-01960-KM-MAH MELEIKA v. HUDSON COUNTY CORRECTIONAL
CENTER et al filed 03/22/17

2:17-cv-05759-KM-MAH MELEIKA v. JERSEY CITY MEDICAL CENTER et al
filed 08/04/17   closed 11/16/20

2:19-cv-20916-KM-MAH MELEIKA v. STATE OF NEW JERSEY et al filed
12/02/19

2:21-cv-11394-KM-JBC MELEIKA v. CITY OF BAYONNE filed 05/18/21

2:21-cv-16720-KM-CLW MELEIKA v. INSTAGRAM filed 09/09/21   closed
09/13/21

2:21-cv-18221-KM-CLW MELEIKA v. CITY OF BAYONNE filed 10/07/21
closed 10/14/21

2:21-cv-19242-KM-CLW MELEIKA v. BAYONNE POLICE DEPARTMENT et al
filed 10/22/21   closed 12/07/21

2:21-cv-20794-KM-JBC MELEIKA v. UNITED STATES DISTRICT COURT filed
12/29/21   closed 06/23/22

2:21-cv-20795-KM-LDW MELEIKA v. US FEDERAL GOVERNMENT filed
12/29/21   closed 06/23/22

complaint did not allege new facts, but merely expanded the legal grounds for relief:

> Malice Prosecution
>
> Violation of 4th amendment right and
>
> 5th amendment Due Process right and
>
> 6th amendment speedy trial right and effective assistance
>
> False arrest.

(DE 11 at 4.)

The 2AC alleges that Meleika was the victim of a "swatting" incident. (DE 19 at 1.)[3] The statement of facts, entitled "Brief," reads in its entirety as follows:

> The plaintiff sues the city of Bayonne because the police were called to the house on a welfare check. The police entered the house and found nobody to be injured so they left. The welfare check resulted from the sounds of gunfire on a video game or firecrackers. Nobody was injured. The plaintiff was swatted by a caller allegedly these claims that were false. Nobody was injured. The plaintiff sues the police and the city for violating his third amendment right, his 4th amendment right, his 14th amendment right, and for false arrest and Malicious prosecution.

 (DE 19 at 1.)

Meleika also submitted a series of filings requesting that this case be assigned "to another judge to protect his right to a fair trial" (DE 20) and that the Court award him damages based on (1) my October 21, 2021 opinion dismissing the amended complaint, which supposedly found that the City of Bayonne "violated … the 4th Amendment" and (2) a purported "settlement recommendation" from the New Jersey Intergovernmental Insurance Fund ("NJIIF"). (DE 21, 22.)

---

[3]      "Swat" is defined as the action of "mak[ing] a false report of an ongoing serious crime in order to elicit a response from law enforcement (such as the dispatch of a SWAT unit)."  https://www.merriam-webster.com/dictionary/swat

**IV.      Discussion: The 2AC**

Mr. Meleika appears to be bringing this action under 42 U.S.C. § 1983. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim under section 1983, Meleika must allege: (1) the violation of a right under the Constitution or laws of the United States; and (2) that the person acting under color of state law committed or cause the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennyslvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Ross v. Graf*, No. 19CV20534NLHMJS, 2021 WL 4452651, at *2 (D.N.J. Sept. 29, 2021).

Certain claims, such as the Third Amendment claim, malicious prosecution, false arrest, or violation of due process, may be disposed of summarily. The 2AC, like the amended complaint, fails to allege any facts suggesting that (1) troops were quartered in Meleika's home; (2) any prosecution was initiated against Meleika; (3) Meleika was arrested; or (4) any violations of due process occurred. Construing the 2AC very liberally, the allegation that BPD "entered [his] house and found nobody to be injured so they left," might implicate the Fourth Amendment's protection against "unreasonable searches and seizures." U.S. Const. amend. IV. I therefore address that claim as asserted against the City of Bayonne and BPD.

**A.      Bayonne Police Department**

The 2AC must be dismissed against BPD. As previously stated, a New Jersey police department is not a separate legal entity, but a department of the municipality. N.J. Stat. Ann. § 40A-14-118 (municipal police department is "an executive and enforcement function of municipal government"); *see also Padilla*

6

*v. Twp. of Cherry Hill*, 110 Fed. Appx. 272, 278 (3d Cir. 2004); *Mitchell v. City of Jersey City*, No. 15-CV-6907 (KM), 2016 WL 1381379, at *1 n.1 (D.N.J. Apr. 7, 2016).

Accordingly, the proper defendant is the City of Bayonne. The Complaint is dismissed as against BPD.

### B.   City of Bayonne

The original complaint, amended complaint, and the 2AC, read in combination, appear to allege that Meleika was the victim of "swatting" and that, because of this false call, BPD conducted a "welfare check" and "entered" his home. The 2AC adds that the while conducting the welfare check, BPD did not observe anyone to be "injured" and subsequently left the residence. (DE 19 at 1.)

In dismissing the amended complaint, the Court stated that it was "unclear how a cause of action based on 'swatting' would implicate a claim of wrongdoing against the police." (DE 17 at 7.) The 2AC fails to address that concern. Meleika alleges that an unknown individual made a false emergency call ("The plaintiff was swatted by a caller allegedly these claims that were false.") (DE 19 at 1) He suggests that the call was based on the misimpression that firecrackers or the sound effects of a video game were actual gunfire. What is missing is any allegation that the BPD knew the call was false or committed any wrongdoing in responding to it.

Further, the 2AC (like the amended complaint) is bereft of facts suggesting that any hypothetical wrongdoing by officers of the BPD would give rise to municipal liability. As already established, a municipality cannot be liable under section 1983 for the unconstitutional acts of its employees on a theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Section 1983 requires facts suggesting an unconstitutional municipal policy, practice, or custom. *See id.* at 690-91. A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal

quotations and citations omitted). Similarly, a "custom" can be "established by showing that a given course of conduct, although not specifically endorsed or authorized by law is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotation and citations omitted).

To plausibly plead a *Monell* claim, Meleika must identify the unconstitutional policy or custom, attribute it to the City of Bayonne itself, and show a causal link between the execution of that policy and a violation of his constitutional rights. *See Ross v. Graf*, No. 19CV20534NLHMJS, 2021 WL 4452651, at *4 (D.N.J. Sept. 29, 2021); *Harley v. City of New Jersey City*, No. 16-5135, 2017 WL 2779466, at *7-8 (D.N.J. June 27, 2017).[4] A *Monell* claim can also be premised on a municipality's failure to train, supervise, and discipline. A plaintiff pleading a claim based on a failure to train, supervise, and/or discipline is required to "demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Id.* at 798-800 (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)).

For the reasons articulated in my prior opinion, Meleika does not plausibly allege a *Monell* claim against the City of Bayonne. The 2AC does not identify any policy or custom enacted by the City of Bayonne that resulted in the alleged constitutional harms. I therefore dismiss the 2AC's *Monell* claim against the City of Bayonne.

---

[4]     A *Monell* claim can also be premised on a municipality's failure to train, supervise, and discipline. A plaintiff pleading a claim based on a failure to train, supervise, and/or discipline is required to "demonstrate that a city's failure to train its employees 'reflects a deliberate or conscious choice.'" *Id.* at 798-800 (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)).

Deliberate indifference is plausibly pled by allegations that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

### C.   The 2AC is Dismissed with Prejudice

Dismissal will be granted without prejudice unless there is "bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendment previously allowed or futility of amendment." *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196-97 (3d Cir. 1994) (citations omitted). Dismissal with prejudice is "appropriate if amendment would be inequitable or futile." *Hilton v. Whitman*, No. 04-6420, 2006 WL 1307900, at *2 (D.N.J. May 10, 2006).

The Court finds that the dismissal of the 2AC with prejudice is appropriate. Mr. Meleika has had two opportunities to cure the deficiencies of the original complaint. Despite these opportunities, Meleika has still failed to describe what actually happened, state when and where the incident occurred, or coherently articulate why Defendants' response to an emergency call was unconstitutional. No further amendments will be permitted.

### V.   Motion to Recuse

Meleika has also filed a document that I construe as a motion for my recusal under either 28 U.S.C. § 144 or 28 U.S.C. § 455.[5] Meleika submits that he has filed "many cases" before this Court and "for some[ ] reason they all have been assigned to Judge McNulty." (DE 20 at 1.) Because no action before me "has resulted in a settlement," which is Meleika's desired outcome, he argues that a "conflict of interest" has been created with respect to "further filings" before me. Accordingly, Meleika requests that further filings be assigned "to another judge to protect his right to a fair trial." (*Id.*)

28 U.S.C. § 455(a) provides that "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in an proceeding in which his impartiality might reasonably be questioned." Under this provision, "it is not the case that a judge should recuse himself where, in his opinion, sitting would

---

[5]   Though the request is for "Change of [V]enue," the clear sense is that Meleika asks for another judge to handle this matter and future actions he may file in this District.

be inappropriate." *United States v. Balice*, No. 14-CV-3937-KM-JBC, 2018 WL 2357750, at *4 (D.N.J. May 23, 2018). Instead, the relevant inquiry is whether the judge's impartiality has been reasonably questioned. *Karas v. Robbins*, No. 8–cv–5264, 2009 WL 5174654, at *1 (D.N.J. Dec. 17, 2009).

The other recusal statute, 28 U.S.C. § 144, states that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein." If that motion is made pursuant to Section 144, another judge must rule on the recusal motion so long as the supporting affidavit satisfies the "sufficiency test." *Karas*, 2009 WL 5174654, at *1 (citing *In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003)). The Third Circuit has stated that the challenged judge must determine only the sufficiency of the affidavit, and not the truth of the assertions. *Mims v. Shapp*, 541 F.3d 415, 417 (3d Cir. 1976). Moreover, this Circuit has also held that the allegations in the affidavit must convince a reasonable person of the judge's impartiality. *NLRB v. New Vista Nursing & Rehab.*, 870 F.3d 113, 125 (3d Cir. 2017).

Judicial rulings, however, are rarely if ever the basis for recusal. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Extra-judicial bias is not alleged here, and intra-judicial bias is quite difficult to establish. It is of course a judge's job to form an opinion based on the facts and evidence placed before the court. "[T]he judge is not thereby recusable for bias or prejudice, since [the judge's] knowledge and the opinion it produced were properly and necessarily acquired in the course of the

10

proceedings, and are indeed sometimes (as in a bench trial) necessary to completion of the judge's task." *Liteky*, 510 U.S. at 551. Therefore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555.

The Court finds that recusal is not appropriate under either 28 U.S.C. § 455 or 28 U.S.C. § 144. To be clear, I play no part in the assignment of cases, which is done by the clerk's office. I have never expressed, or felt, any personal bias for or against either side of this litigation. I have no extrajudicial knowledge of the facts or any relation to the parties. Mr. Meleika objects that I have not yet ruled in his favor in his lawsuits, citing such adverse rulings as evidence of my lack of impartiality. However, "a party's disagreement with a Court's ruling is not a basis for recusal." *Karas*, 2009 WL 5174654, at *2 (citing *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999)). Meleika has never set forth a legal basis for challenging my prior rulings or prevailed on appeal from such rulings. My rulings, embodied in written decisions, are based on my assessment that Mr. Meleika has failed to set forth facts entitling him to relief under applicable law.

Similarly, recusal under 28 U.S.C. § 144 is not appropriate. As stated, that section requires an affidavit of fact that must convince a reasonable person of the Judge's lack of impartiality. *NLRB*, 870 F.3d at 125. Meleika, however, has not submitted such an affidavit. His submission is not factual but conclusory, simply positing that a judge who rules against him must be biased. *See Smith v. Vidonish*, 210 Fed. App'x152, 155-56 (3d Cir. 2006) (holding that conclusory statements in a recusal affidavit need not be credited).

Because Meleika has not met the requirements of either 28 U.S.C. § 455 or 28 U.S.C. § 144, the Court finds that his motion for recusal is denied.

## VI.  Motion to Award Damages

Finally, Meleika submits two filings requesting that the Court award him damages for alleged constitutional violations. In the first filing, Meleika asserts that he "has an opinion that says [that] the defendants [C]ity of Bayonne violated the plaintiff['s] 4th Amendment" rights and thus requests that this Court award him damages. (DE 21.) Meleika cites to, and attaches, the October 21, 2021 opinion dismissing the amended complaint on initial screening. (*Id.*) And in the second filing, Meleika realleges that "he has an opinion" finding that the City has violated his 4th Amendment rights, and additionally alleges that he "has a settlement recommendation" from the NJIIF. (DE 22.)

"[T]he basic purpose of a [Section] 1983 damages award should be to compensate persons for injuries caused by the deprivation of constitutional rights." *See Carey v. Piphus*, 435 U.S. 247, 254 (1978); *see also Calhoun v. Yamaha Motor Corp., U.S.A.*, 216 F.3d 338, 347 (3rd Cir. 2000)." At this juncture, however, Meleika has not plausibly alleged that Defendants have violated his constitutional rights, let alone any damages therefrom. *See MacRae v. AfroAm. Co.*, 274 F.2d 287, 287-88 (3d Cir. 1960) ("Compensatory damages, as the name implies, may be awarded against the defendant to compensate the plaintiff for actual harm the plaintiff has suffered.")

First, the Court's prior opinion did not find that the City of Bayonne violated Meleika's Fourth Amendment rights. Rather, it dismissed the prior amended complaint's *Monell* claim for failing to "plausibly allege[ ] that the City … enacted a policy or custom that might have resulted in his alleged harms." (DE 17 at 8.)[6] Nonetheless, the Court entered the dismissal without prejudice, explaining that the separate submissions filed with the amended complaint *might* suggest that a second amended complaint "could survive screening." (DE 17 at 8-9.) Specifically, the Court highlighted Meleika's allegations that (1) BPD conducted a welfare check in response to sounds of gunfire and shouting,

---

[6]     The Court also expressed that a *Monell* Claim is not sufficiently pled "by merely alleging that the City of Bayonne employed the police officers." DE 17 at 8.

apparently from a video game, resulting in the purported violation of his constitutional rights and (2) BPD unlawfully "seized and assisted in transport[ing]" him to a hospital,[7] which Meleika suggests was related to a suspicion that he had COVID. (DE 17 at 9.)

To say that a complaint might be amended to state a claim is not to say that it does state a claim. The 2AC as filed, does not build on the earlier allegations to the point that they state a claim. It, too, lacks the requisite factual support to survive dismissal on initial screening, and it, too, has been dismissed.

As for the NJIIF's alleged "settlement recommendation," a review of the attached NJIIF agendas and meeting minutes reveals no such thing. The submitted September 27, 2018 NJIIF "Closed Session Motion," relating to "matters involving litigation or potential litigation or contract matters," merely states that the NJIIF discussed coverage recommendations with respect to "Meleika, Steven II v. City of Bayonne." (DE 22 at 12.)[8] Meleika does not explain, nor does the Court understand, how the NJIIF's discussion of Defendants' insurance coverage constitutes a "settlement recommendation." Further, a settlement is a contract, requiring agreement of the parties. Even if the NJIIF had recommended that the Defendants settle with Meleika, the Court could not award damages unless, at a minimum, the parties actually entered into such a settlement agreement.[9] That is not alleged here.

The Court therefore declines Meleika's request to award damages.

---

[7]    Apparently a separate incident, and the subject of other litigation.

[8]    The Court notes that the creation of this document precedes the filing of this action, so the reference must be to one of Mr. Meleika's other litigations.

[9]    *See Bistricer v. Bistricer*, 555 A.2d 45, 47 (N.J. Ch. 1987) (stating that a settlement "should not be enforced 'where there appears to have been an absence of mutuality of accord between the parties or their attorneys in some substantial particulars, or the stipulated agreement is incomplete in some of its material and essential terms") (citation omitted).

## VII.   Conclusion

For the reasons stated above, the 2AC is **DISMISSED WITH PREJUDICE** upon initial screening pursuant to 28 U.S.C. § 1915(e). An appropriate order accompanies this opinion.

Dated: June 29, 2022

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

14